**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**20-22634-CIV-PAS**
**(96-0075-CR-PAS)**

ABEL RIZO,

    Movant.

v.

UNITED STATES,

    Respondent.

_____/

<u>ORDER DISMISSING MOTION
TO VACATE § 924 (c) CONVICTION AND
SENTENCE PURSUANT TO 28 U.S.C. § 2255</u>

THIS MATTER is before the Court upon Movant Abel Rizo's Motion to Vacate his § 924 (c) conviction and sentence pursuant to 28 U.S.C. § 2255 [DE 1]. The Government filed a Response opposing it [DE 7]. Movant did not file a reply and the time to do so has expired.

Based upon a thorough review of the Motion, Response and the pertinent portions of the record, the Court finds that the instant Motion is a second or successive § 2255 Motion to Vacate. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the Movant was therefore required to first obtain authorization from the Eleventh Circuit Court of Appeals to file the Motion. The Eleventh Circuit denied the Movant's request for such authorization. This Court therefore lacks jurisdiction to consider the instant Motion to Vacate. Accordingly, and as more fully explained below, the Court dismisses the Motion to Vacate § 924 (c) Conviction and Sentence Pursuant to 28 U.S.C. § 2255 [DE 1].

I.  Background

Following a jury trial, on April 15, 1997, Rizo was found guilty of seven counts alleged in a Superseding Indictment [DE 504, 246]. Specifically, Movant was convicted in Count 1 of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2, and, in Count 2 of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2 [DE 246 at 2-10]. In Count 3, Movant was convicted of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 [DE 246 at 10]. In Counts 8 and 9, Movant was convicted of attempted Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) and 2 [DE 246 at 13-14]. Finally, Movant was convicted in Counts 4 and 10 of using a firearm in relation to a crime of violence and drug trafficking crime in violation of 18 U.S.C. §§ 924 (c) and 2 [DE 246 at 10-11, 14-15]. Notably, Count 10 charged Movant with using and carrying a firearm "during and in relation to a crime of violence and a drug trafficking crime," namely the drug trafficking crime set forth in Count 1, and the attempted Hobbs Act robbery set forth in Count 9 [DE 246 at 15]. Movant was sentenced to 468 months' imprisonment [DE 663].

In 2003, Movant filed his initial § 2255 Motion raising four claims of ineffective assistance of counsel. *See Rizo v. U.S.*, No. 03-20010-CIV-PAS. Ultimately, that Motion was denied which denial was affirmed on appeal. *See Rizo v. U.S.*, No. 03-20010-CIV-PAS, DE 75, 83.

On June 22, 2020, Rizo filed an Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255 with the Eleventh Circuit Court of Appeals. *See In Re: Abel Rizo*, Case No. 20-12269-C (11th Cir. 2020). In that Application, Rizo sought leave to file the instant Motion to Vacate his conviction of Count 10 of

the Superseding Indictment based on the Supreme Court's ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019).

However, on July 1, 2020, the Eleventh Circuit denied Rizo's request for authorization to file a successive application holding that Rizo could not make a prima facie showing that the successive motion was based on newly discovered evidence or a new rule of constitutional law that has been retroactively applied to cases on collateral review as required by 28 U.S.C. § 2255(h)). Specifically, the Eleventh Circuit concluded that Rizo could not demonstrate that his § 924(c) conviction and sentence were unconstitutional under *Davis*. In reaching that conclusion, the Eleventh Circuit reasoned that although the Supreme Court in *Davis* held that § 924(c)(3)(B)'s residual clause was unconstitutionally vague, that holding did not apply to Rizo's conviction for attempted Hobbs Act robbery because that offense qualified as a crime of violence under § 924(c) (3)(A)'s elements clause, which remained valid even after *Davis*. The Eleventh Circuit further determined that although the jury's general verdict did not specify whether Rizo's § 924(c) conviction was predicated on Count 1 or Count 9, that uncertainty did not matter because Count 1 charged a drug trafficking crime and Count 9 charged a crime that has been held to be a categorical crime of violence.

II. The Current Motion to Vacate

In this § 2255 action, the Movant, through his Counsel, filed the instant Motion to Vacate before the Eleventh Circuit issued its denial of the Movant's Application to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255(h). In the Motion to Vacate, Rizo contends that pursuant to the Supreme Court's ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019), he is actually innocent of the § 924 (c) conviction in Count 10.

The Eleventh Circuit has made clear that before a prisoner may file a second or successive § 2255 motion, the prisoner must first obtain an order from the Eleventh Circuit authorizing the district court to consider the motion. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255).[1]  Without the Eleventh Circuit's authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion. *Id.* Here, the Eleventh Circuit Court of Appeals denied Rizo's application for leave to file a successive motion on the same grounds he raises in this Motion. Therefore, Rizo has not obtained the requisite authorization for the Eleventh Circuit and his Motion to Vacate must be dismissed for lack of jurisdiction. For these reasons, it is

**ORDERED** that:

1. Defendant's Motion to Vacate § 924(c) Conviction and Sentence Pursuant to 28 U.S.C. § 2255 is **DISMISSED** for lack of subject matter jurisdiction.

2. A Certificate of Appealability **SHALL NOT ISSUE** due to lack of jurisdiction.

3. This case is **CLOSED**.

**DONE and ORDERED** in Miami, Florida, this 29th day of September, 2020.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

---

[1] The Movant does not dispute that he was required to seek authorization from the Eleventh Circuit to proceed on the Motion at bar.  In fact, in the Motion to Vacate, Movant suggests that this Court may stay these proceedings pending the Eleventh Circuit's ruling on his Application for Leave to file a successive motion to vacate.  The Eleventh Circuit has now denied the Movant's Application and thus a stay is not necessary.